Dear Mr. Romero:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Industry Task Force/Advisory Group on Unnecessary Rules and Regulations in State Government. You ask whether it would be considered an official public body and subject to the state's open meetings law.
You indicate the task force was not officially created by resolution or executive order or by any other official means, but that you selected the members after a conversation with the governor about the number of redundant and overlapping regulations between the state and federal government. You state the intended purpose of the task force is to meet and make recommendations on how the regulatory process in this state can be simplified; and that the members consist of representatives from the oil and gas industry, representatives from the Departments of Environmental Quality, Wildlife and Fisheries, and Natural Resources, and a representative from the Governor's office. No official action can be taken unless accomplished through the legislative process or by rule changes in accordance with the Administrative Procedures Act.
R.S. 42:4.2 (A)(2) defines "Public Body" to mean as follows:
 (V)illage, town, and city governing authorities, parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning; zoning, and airport commissions; and any other street, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such board, possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
It is our understanding that the decision to establish the "Task Force" simply grew out of your recognition and concern of the overlapping and redundancy of state and federal regulations after a conversation with the governor without any action by any legal entity. There is no governmental control or authorization by any public body for the Task Force to act. Although you are Chairman of the Committee on Natural Resources, we have been informed there is no connection to the Committee's agenda or any other specific public body other than a public concern by the members. Our inquiry has indicated that the Task Force is made up of individuals who join of their own accord and presently consists of forty-five to fifty members with an expected growth of membership. Thus, those on the Task Force are not appointed, and we are not aware of any restriction for membership. Nothing indicates to us to whom recommendations will be made in regard to eliminating unnecessary rules and regulations due to the overlapping that is uncovered by the members, and no one has requested or will be bound by the recommendations.
Having found that the Task Force is not a subcommittee of any particular governmental body appointed to serve that body; that the Task Force may make recommendations but this is not by designation of any governmental body but of private concerns seeking on its own accord to assist in streamlining governmental regulations by its recommendations; and that there is no public funding, we must conclude this is not a public body under the definition set forth above in our statutory law.
Therefore, we must conclude the Task Force is nothing more than private individuals seeking to influence the efficiency in government, but is not subject to the state's open meeting law.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR